FILED

2019 Jan-25  PM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Case No. 2:18-cr-538-KOB-JHE** |
| **CHRISTOPHER A. MCNABB** | ) | |
| (A.K.A "RUDY") | | |

## Omnibus Motion in Limine

This is a Defense Omnibus Motion in Limine.  As basis for this Motion, the undersigned submits as follows:

I.

1. The defense Moves this Court in Limine to enjoin the government from any mention of the allegations listed in the indictment of Mr. MCNABB's prior felony convictions, *viz.* those alleged in the indictment.

2. Said alleged felony convictions are:  CC-2016-202 Unlawful Possession of a Controlled Substance CC-1015-46, Unlawful Possession of a Controlled Substance; CC-2015 Unlawful Possession of a Controlled Substance; CC 96-90 Robbery Second Degree; Unlawful breaking and Entering vehicle, two counts, CC96-118 and CC 96-116.

3. The instant indictment charges Mr. McNabb in COUNT ONE with of a violation of 18 USC Section 922(g)(1), felon in possession of firearms; COUNT TWO a violation of 26 USC Section 5861(d) failure to register in the National Firearms Registration and Transfer Record; COUNT THREE a violation of 26 USC Section 5861(d) also a failure to register in the National Firearms Registration and Transfer Record; and COUNT FOUR, a violation of 18 USC 842(i)(1), knowingly receive and possess "shock tube detonators" after having been convicted of the aforementioned felonies.

4. The defense concedes the otherwise admissibility of each of these prior convictions during the government's case-in-chief, but the circumstances of these allegations, the defense submits – for the government to be permitted to offer proof of each, would operate to the extreme prejudice of Mr. McNabb and that such prejudice would be so substantial that it would outweigh any probative value of admissibility.  Federal Rule of Evidence 403.

5. Recognizing that the government must be permitted to present its case-in-chief to offer admissible evidence on this element, the defense is willing to stipulate that, for purposes of proof during its case-in-chief, Mr. McNabb has "one or more prior convictions" which qualify under the statute.

S/ Victor Kelley
CJA Counsel for Mr. McNabb

**Certificate of Service**

I hereby certify that, on this date, counsel for the Government was electronically served with a copy of this Motion via this Court's CM/ECF system

S/ Victor Kelley
Of Counsel