IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | Case No. 2:18-cr-538-KOB-JHE |
| **CHRISTOPHER A. MCNABB** | ) | |
| (A.K.A "RUDY") | | |

### Defense Supplemental Brief: Motion to Suppress

*The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be voided and no warrants issued, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*
*UNITED STATES CONSTITUTION, AMENDMENT 1V*

### Procedural History

1. On March 5, 2019 pursuant to Defense Motion, this Court heard argument on the said Motion to Suppress. The Court has continued the Motion, Ordering supplemental briefing on the following issues:

1

. Whether the Defense contests the State Warrant, as well as the Federal Warrant.

. Which specific portions of the search the Defense challenges ? And

. Defendant's standing contesting each portion of the search.

2. At the hearing of March 5, 2019 the Government stated that, in regard to each of the above inquiries, that:  COUNTS ONE and FOUR of the indictment are a result of the <u>Federal Warrant,</u> and COUNTS TWO and THREE of the indictment are a result of the <u>State Warrant.</u> This Brief addresses the Court's inquiry within the context of the above Government's statement of context.

**<u>General</u>**

This brief is based upon the Government's disclosure.  Factual statements following refer to the Government's "bates" numbers from those discovery materials.  A copy of each will me marked as defense exhibits and offered to the Court at our hearing on Motion.

**<u>Facts</u>**

3. Pursuant to a Federal search warrant, dated April 27, 2018 agents were authorized to search the "residence located at the end of McNabb Road Southwest, Leeds, Alabama 35094".  Bates 46.  Further, the Description of Location to be Searched (although the street address is similarly redacted) describes the property with specificity.  Bates 50.  No evidence exists that your Defendant owns this property.

4. The search of this property would appear to be pursuant to this Federal warrant, although it would seem that State officers were acting as agents of

Federal agents.  Bates 4, at paragraph 2, viz. "ATF, along with Jefferson County Sheriff's Office (JCSO) executed a *Federal Search Warrant* at McNabb's residence."  Bates 04.  (Italics mine).

5. Three adults were sleeping in the residence authorized by the Federal Warrant; Barry McNabb  (Defendant's brother), Tina McNabb, and Heidi McDaniel.  Your Defendant, Mr. Christopher McNabb was not at the residence.  Heidi McDaniel "said that Christopher McNabb was somewhere *outside the residence*".  (Italics mine). Bates 04.

6. According to discovery materials, although Defendant McNabb was not in the residence authorized by the Federal warrant, multiple items of contraband were discovered.  Bates at 06.

7. Additionally, "SA Brantley obtained written and verbal consent to recover the firearms and ammunition in outbuilding #1 from Christopher McNabb, Barry McNabb, and Tina McNabb (see attached) . . . The following items were recovered from outbuilding #1 . . . Bates 06 – 07.

8. A memorialization of that "Consent to Search" may be found at Bates 69.  The description of the "vehicle, premises, person, or items to be searched" is not listed.

9. Further complicating this fact pattern is the "State Warrant'" upon which the Government relies.  That Warrant is signed by a judge of competent jurisdiction at "0828 o'clock A.M. this 30 day of April, 2018", authorizing a search of a residence (270 McNabb Road?)  Bates 109, 110.  The Return and Inventory is certified as having occurred "at 8 O'clock A.M. this 30 day of

April, 2019". Bates 111.  *Fully 28 minutes <u>before</u> this issuance of the warrant.* (Italics mine).

10. Still further are vexing issues and other Government statements, viz. "We searched approximately 10 cars, house, 2 shed, 2 campers and a trailer" Bates 98.  "[Defendant] Christopher McNabb was inside the residence upon arrival" Bates 99, 103.  Nowhere is there scintilla of authorization for the search of "approximately 10 cars, house, 2 shed, 2 campers, and a trailer." And there <u>no</u> "evidence" that Mr. Christopher McNabb was inside the lawful residence of the search "upon arrival".  And, if Mr. McNabb does not own the residence, what is meant by the "lawful residence"?

11. Finally, the Government states "There were 7 adults and 1 child in the residence". Bates 113.  As is much of this discovery, the defense is at a loss to understand to what this statement may refer.  (*Contra,* please refer to paragraph 5 of this Brief.  The Government contradicts itself again).

## **Standing**

12. The defense submits that the issues presented are of Constitutional proportions.  As such, your Defendant, Mr. McNabb has standing to challenge the errors, omissions and material inconsistencies of both the Federal and the State warrants.

Respectfully submitted this 13th day of March 2019.

s/ Victor Kelley

CJA Counsel for Mr. McNabb

**Certificate of Service**

I hereby certify that I have on this date served a copy of this Brief upon counsel for the Government by this Court's CM/ECF system.

s/ Victor Kelley

Of Counsel

`
-