FILED
2019 Mar-20  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No. 2:18-cr-538-KOB-JHE** |
| | ) | |
| CHRISTOPHER A. MCNABB | ) | |
| (a.k.a. "RUDY") | ) | |

## The United States' Supplemental Response to Defendant's Motion to Suppress

The United States of America, through and by Kevin R. Sanchez, Assistant United States Attorney, respectfully submits that the defendant has failed to provide allegations of fact, which if proven, would satisfy his burden to show that the search was unreasonable and the evidence should be suppressed.  Thus, an evidentiary hearing is not necessary.

## I.    Procedural Background:

On or about December 10, 2018, the defendant was arrested on a federal indictment alleging the unlawful possession of various firearms, ammunition and explosives.  Specifically, Counts One and Four of the indictment stem from firearms and ammunition seized inside the defendant's bedroom during the execution of a federal search warrant. Counts Two and Three are based on firearms

and explosives seized inside an outbuilding (hereinafter Outbuilding #1) during the execution of a state search warrant.

Following the defendant's arraignment, on January 25, 2019, the defendant filed both a motion to suppress and motion in limine.  The United States submits that the motion in limine is moot, because the parties have agreed to a stipulation. As to the defendant's motion to suppress, the United States filed a response addressing the only issue it believed was raised by the defendant, that is, a lack of particularity in the federal search warrant.

On March 5, 2019, a brief suppression hearing was held, but the Court ordered that the parties rebrief the matter, because the United States had not provided the court with a clear sight picture of the facts and circumstances of the incident leading to the defendant's arrest. The Court also ordered that the defendant, at minimum, address in its supplemental motion the following issues: (1) Whether Defendant contests the state warrant as well as the federal warrant; (2) Which specific portions of the search Defendant challenges; and (3) Defendant's standing to contest each portion of the search he challenges.  On March 13, 2019, the defendant filed a supplemental brief intended to address the issues identified by the court.

## II.    Factual Background

### a. Search Warrants

There are two search warrants in this case. The first search warrant was a federal warrant based on probable cause that the defendant was in unlawful possession of firearms and ammunition.  The second search warrant was a state search warrant based on drug paraphernalia evidence observed in plain view during the execution of the federal search warrant.  Although the state search warrant was for the search and seize of narcotics, law enforcement agents seized two illegal firearms during their search for drugs.

### b. Execution of the Federal and State Search Warrants

On April 30, 2018, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives, and Jefferson County Sheriff's Office executed a federal search warrant at 270 McNabb Road S.W., Leeds, AL 35094.  See Exhibit A, Federal Search Warrant.  The federal search warrant was based on information that the defendant, a convicted felon, unlawfully possessed firearms.  In addition to the federal search warrant, the accompanying state law enforcement deputies with the JCSO had an unrelated state arrest warrant for the defendant for unlawful possession of a controlled substance.

Pursuant to the federal search warrant, agents entered 270 McNabb Road and seized various firearms, ammunition and explosives including: a Davis

Industries Model P380, .380 caliber pistol, a Bryco Arms Model 38, .380 caliber pistol, and .270 caliber and .25 caliber ammunition, found inside the defendant's bedroom.  Also seized from the defendant's bedroom were three (3) shock tube explosive detonators.  Agents identified the bedroom as the defendant's room based on personal effects, signage with the defendant's name and U.S. postal service letters found inside the room.

During the execution of the federal search warrant, agents and JCSO learned that the defendant (with a pending state arrest warrant) was located inside an outbuilding (hereinafter "Outbuilding #1").  Outbuilding #1 was located on the property and within approximately ten feet from the single family structure identified as 270 McNabb Road.  Armed with the state arrest warrant for the defendant, law enforcement agents entered Outbuilding #1 and found the defendant as well as a glass pipe in plain view.  Deputies believed that, based on training and experience, the pipe was used to smoke methamphetamine and other narcotics.

Based on the deputies' observations of the pipe in plain view inside Outbuilding #1, JCSO sought a state search warrant for narcotics at "270 McNabb Road . . . best described as a one story residence, single family dwelling with multiple out buildings and vehicles on the property." See Exhibit B, Jefferson County State Search Warrant.  During the execution of the state search warrant for narcotics, agents searched various buildings and vehicles on the property belonging

to 270 McNabb Road, including approximately 10 cars, a house, 2 sheds, 2

campers and a trailer.  Additionally, it was during the state search warrant that the

following firearms were seized inside Outbuilding #1: an SWD Model M-11, 9mm

Luger caliber machinegun, and a Diamondback Arms Model DB-15, .223

Remington caliber firearm, with a barrel length of less than 16 inches and an

overall length of less than 26 inches.

After the firearms were found inside Outbuilding #1 (during the execution of

the state search warrant for narcotics), federal agents then requested consent to

seize (seize only) the firearms from the defendant, and Tina and Barry McNabb,

which they provided. This consent to seize was requested by federal agents only

after the JCSO deputies had already discovered the firearms, and out of an

abundance of caution.

## II.   Legal Analysis

   a.   <u>The Defendant's Motion Should Be Denied Without a Hearing.</u>

When a defendant fails in a motion to suppress "to allege facts that if proved

would require the grant of relief, the law does not require that the district court

hold a hearing independent of the trial to receive evidence on any issue necessary

to the determination of the motion."  <u>United States v. Sneed</u>, 732 F.2d 886, 888

(11th Cir. 1984).  Rather, "[a] motion to suppress must in every critical respect be

sufficiently definite, specific, detailed, and nonconjectural to enable the court to

conclude that a substantial claim is presented.... A court need not act upon general or conclusory assertions . . ." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985).

The United States submits that the defendant has failed to provide any factual allegations to support any sort of legal relief in his motion to suppress. (Doc. 25).  Thus, no evidentiary hearing is required and the defendant's motion should be denied.

Assuming arguendo, the following analysis is an attempt to address assertions raised in defendant's motion.

b.  A Fourth Amendment Challenge Requires that the Defendant Establish Standing and Show that the Search and Seizure was Unreasonable.

In a Fourth Amendment challenge, the defendant must show two things: "[f]irst, there must be a search and seizure of that individual's person, house, papers or effects, conducted by an agent of the government . . . there must be an invasion of the claimant's reasonable expectation of privacy . . . [and Second] the challenged search and seizure must be 'unreasonable." United States v. Bachner, 706 F.2d 1121, 1126 (11th Cir. 1983); Katz v. United States, 389 U.S. 347 (1967); Elkins v. United States, 364 U.S. 206 (1960); Rawlings v. Kentucky, 448 U.S. 98 (1980).

Furthermore, "if the movant establishes an expectation of privacy and that the search and seizure took place without a search warrant, then the burden of proof shifts to the [government] to establish that an exception to the search warrant requirement was applicable . . . and that the search and seizure was, in fact, a reasonable one." Bachner, 706 F.2d at 1126 (citing Coolidge v. New Hampshire, 403 U.S. 443 (1961)); see also United States v. Harris, 479 F.2d 508 (5th Cir.1973); Williams v. United States, 382 F.2d 48 (5th Cir.1967).

In this case, the defendant argues that "no evidence exists" that the defendant owns 270 McNabb Road. (Para. 3, Doc. 25).  The defendant seems to suggest that since he doesn't own the home, the contraband seized does not belong to him. But, if the defendant does not own the home and the seized contraband is not his, then what reasonable expectation of privacy does he have in 270 McNabb Road?  In fact, the defendant fails to provide any factual basis establishing a reasonable expectation of privacy and simply makes a blanket assertion that he has standing to challenge the federal and state search warrants. (Para. 12, Doc. 25).

However, the United States concedes that the evidence proves the defendant has a reasonable expectation of privacy to challenge the seizure of the firearms found inside his bedroom at 270 McNabb Road.  The evidence found in the bedroom like the U.S. postal service letter and signage proves that it was the defendant's bedroom.  The defendant has failed, however, to establish a reasonable

expectation of privacy in Outbuilding #1 where the SWD Model 11, 9mm machinegun and Diamondback .223 caliber rifle were seized during the execution of the state search warrant.

Second, even assuming the defendant has standing to challenge the seizure of the firearms from inside his bedroom, the burden does not shift to the government because this was not a warrantless search. See Bachner, 706 F.2d at 1121. Simply, the defendant has not proven that the search was unreasonable nor that the basis of the probable cause to search provided in the search warrants were defective in any way.

c. The Defendant has Not Proven Any Defects in the Search Warrants that Would Have Prevented a Finding of Probable Cause.

"Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009). The defendant bears the burden of showing that a defect in a search warrant would have "prevented a finding of probable cause." United States v. Lebowitz, 676 F.3d 1000, 1010–11 (11th Cir. 2012). Furthermore, "[a]ffidavits supporting warrants are presumptively valid." Id.

In this case, the defendant does not attack the federal warrant but does challenge the date and time listed on the state search warrant return. (Para. 9, Doc.

25).  However, evening assuming an error in the return "violations of the ministerial requirements of Rule 41 'are essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith.'"  United States v. Harden, 2017 WL 1312928, at *4 (N.D. Ga. Jan. 13, 2017); see, e.g., United States v. Wilson, 451 F.2d 209, 214 (5th Cir. 1971) (refusing to suppress evidence on the basis of a failure to properly return and file a warrant); United States v. Henry, 939 F.Supp.2d 1279, 1289 (N.D. Ga. 2013) (failure to timely sign affidavit not a basis for suppression).  Even if Rule 41 applied to the state search warrant, the defendant has failed to request legal relief based on the alleged error on the state search warrant.

## III.    Conclusion

The United States respectfully submits that defendant's motion to suppress should be denied and a hearing is not necessary.

Respectfully submitted on March 20, 2019.

JAY E. TOWN
United States Attorney


/s/ Kevin R. Sanchez
KEVIN R. SANCHEZ
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed using the Court's CM/ECF system and that a copy of same has been served upon counsel for the defendant via electronic mail on this the 20th day of March, 2019.

JAY E. TOWN
 UNITED STATES ATTORNEY


 /s/ Kevin R. Sanchez
Assistant United States Attorney